COLT'S PATENT FIREARMS MFG. CO. et al. v. NEW YORK SPORTING GOODS CO.

(Circuit Court of Appeals, Second Circuit.· September 5, 1911.)

No. 252.

PATENTS (§ 328*)—INFRINGEMENT—AUTOMATIC FIREARM.

The Browning patent, No. 747,585, for an automatic firearm, construed, and *held* not infringed by the device of the Searle patent, No. 804,985.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Colt's Patent Firearms Manufacturing Company and John M. Browning against the New York Sporting Goods Company. Decree for defendant, and complainants appeal. Affirmed.

This cause comes here upon appeal from a decree dismissing bill of complaint. The suit is for alleged infringement of United States patent 747,-585, issued December 22, 1903, to John M. Browning, for an "automatic firearm." This suit and the one in patent 580,924 between the same parties were argued together, both in the Circuit Court and here. Our opinion in the other suit (190 Fed. 553) is handed down herewith, and may be consulted for a discussion of what is common to both patents.

W. K. Richardson and A. D. Salinger, for appellants.
Edmund Wetmore and H. S. Knight, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. This patent, like the other, relates to firearms of the automatic type—a pistol being selected for description —and the specifications cover the entire structure, going at considerable detail into all its parts, frame, barrel, breech-bolt, breech-slide (the "breech-block or bolt-carrier" of the first patent), lock, trigger, hammer, firing pin, magazine, and ejector. The "objects of the invention" set forth by the patentee are multitudinous. There are at least nine of them, and the particular devices securing some one of these objects may evidently be used in weapons which do not present all the specific details of Browning's complete pistol. As to some of these devices the patentee supposed he had found some novel and useful subcombination, and undertook to cover all of them. In consequence there are 31 claims, but we are concerned here solely with the tenth, which is the only one sued on. It reads:

"10. In a firearm, the combination of a frame, a rotatable barrel having on its under side segmental ribs at right angles to the axis of the barrel in

engagement with grooves in the upper side of the open frame, and a breech-slide comprising a cover holding the barrel in engagement with the frame and a breech-bolt in rear of the barrel."

The breech-slide, like the "carrier" of the first patent, comprises the breech-bolt and the forward extension. Unlike the first patent, however, the barrel has no "double movement." It rotates on the axis of the bore, but does not move forward or back, being securely anchored to the top of the frame by the ribs and grooves aforesaid. This anchoring is effected merely by the insertion of the ribs in the grooves. The barrel is not attached to the frame by any fastening devices whatever (such as the rocking links of the first patent). It simply lies on the frame, but stays there unmoved by discharge of a cartridge, because the breech-slide which encircles the barrel holds its ribs down into engagement with the grooves.

The barrel, however, is capable of rotation, and if rotated when the breech-slide is in a certain position the ribs will pass into a recess in the interior walls of the breech-slide. A quarter rotation will bring them into the recess. Being then disengaged from the grooves on the frame, the barrel may be removed forwardly from the breech-slide. In this arrangement merely by the combination and interrelation of the frame, barrel and breech-slide in the assembled pistol, and without any fastening or securing means whatever, the loose barrel is secured in place upon the frame. The specification refers to this combination as producing a "firearm of this class (automatic) in which the barrel, to insure accuracy of firing, shall be rigidly held upon, but located entirely above, the frame, near the sighting-line of the arm, and in which the attachment of the barrel to the frame shall support the barrel rigidly, but shall allow the barrel at will and readily to be detached and removed, and to be replaced and attached, without requiring the use of any tool whatever."

It is shown by the testimony that ordnance boards consider it a desirable thing to have firearms "capable of being readily dismounted and assembled, using as few tools as practicable." This rotary motion of the barrel has no purpose in complainant's pistol, except to permit disassembling. The expert for complainant so concedes, and, since he further concedes that in defendant's pistol rotation of the barrel plays no part in disassembling, we do not deem it necessary to enter into any discussion of the prior art, or to consider at length the other propositions upon which it is sought to avoid infringement. We are not to be understood as holding that there is merit in any of these other propositions.

The decree is affirmed, with costs of this appeal.